IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1171-D

| | |
|---|---|
| ENVIRONMENTAL HYRDOGEOLOGICAL CONSULTANTS, INC., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADMIRAL INSURANCE COMPANY, )<br>)<br>Defendant. ) | **ORDER** |

On June 8, 2023, Environmental Hyrdogeological Consultants, Inc. ("Environmental" or "plaintiff") filed an action against Admiral Insurance Company ("Admiral" or "defendant") in Robeson County Superior Court for fraud in the inducement, fraud, equitable estoppel, and quasi-estoppel. See [D.E. 1] 1; Compl. [D.E. 1-3] ¶¶ 26–49. On July 17, 2023, Admiral removed the action to this court [D.E. 1]. On August 14, 2023, Admiral answered the complaint, including the affirmative defenses of lack of subject-matter jurisdiction due to Environmental's lack of standing and failure to state a claim upon which relief can be granted. See [D.E. 8]. On October 2, 2023, Admiral filed a motion to dismiss [D.E. 13] and memorandum in support [D.E. 14]. See Fed. R. Civ. P. 12(b)(1), (b)(6). On October 20, 2023, Environmental responded in opposition [D.E. 15]. As explained below, the court remands the action to Robeson County Superior Court.

I.

Legacy Biogas, LLC ("Legacy"), who is not a party to this action, operates a methane gas facility through an anaerobic digestive system in Fremont, North Carolina. See Compl ¶¶ 6–7. On May 31, 2022, Todd Ballance ("Ballance"), a member of Legacy, discovered a substantial leak in

Legacy's digester, creating a "hard flow coming out of the corner of the digester." See id. at ¶¶ 6, 11–12 (quotation omitted). Ballance called Environmental for a clean-up services quote and told Environmental he needed approval from his insurance company, Admiral. See id. at ¶¶ 12–13. Ballance later told Environmental that Admiral orally approved the clean-up. See id. at ¶ 14.

From June 1, 2022, to June 14, 2022, Environmental provided crews on-site at Legacy 24 hours per day, pumping hog waste and depositing the waste in unused hog barns. See id. at ¶¶ 15–21. From June 15, 2022, to June 24, 2022, Environmental provided crews on-site 12 hours per day. See id. During this time, a third-party administrator for Admiral and complex litigation adjuster, Randy Scroggs, visited the work site two or three times. See id. at ¶ 22. Environmental invoiced Legacy twice for the completed work, totaling $411,923.68. See id. at ¶¶ 23–24. Legacy has not paid these invoices. See id. at ¶ 25.

On June 8, 2023, Environmental filed its complaint against Admiral. See id. at 5. Environmental seeks payment for services, punitive damages, reasonable attorneys' fees, and costs. See id. at 10–11.

## II.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021).

Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §

1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colorado Bankers Life Ins. Co. v. AT Denmark Invs., ApS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor & City Council of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case to state court. Mayor & City Council of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colorado Bankers, 526 F. Supp. 3d at 123. Put differently, a court should "resolve doubts in favor of remand." Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colorado Bankers, 526 F. Supp. 3d at 123.

Standing requires: (1) that the plaintiff has "suffered an injury in fact—an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" from the

3

court. Chambers Med. Techs. of S.C., Inc. v. Bryant, 52 F.3d 1252, 1265 (4th Cir. 1995) (alterations omitted) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

Although the parties agree that diversity jurisdiction under 28 U.S.C. § 1332 exists, Admiral argues that Environmental lacks Article III standing because, under North Carolina law, incidental beneficiaries who are not parties to the contract at issue or who do not have a legally enforceable right lack standing to enforce an insurance contract. See [D.E. 14] 6–8; Elliot v. Travelers Prop. Cas. Co. of Am., No. 5:22-CV-177, 2022 WL 3440631, at *6 (E.D.N.C. Aug. 16, 2022) (unpublished); Danis Env't Indus., Inc. v. Greenville Utils. Comm'n, No. 4:03-CV-146, 2006 WL 8438537, at *4 (E.D.N.C. Sept. 21, 2006) (unpublished); RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 24 F. Supp. 2d 515, 520–21 (M.D.N.C. 1998); Whittaker v. Furniture Factory Outlet Shops, 145 N.C. App. 169, 175, 550 S.E.2d 822, 825–26 (2001); see also Raritan River Steel Co. v. Cherry, Bekaert & Holland, 329 N.C. 646, 652, 407 S.E.2d 178, 182 (1991); Matternes v. City of Winston-Salem, 286 N.C. 1, 13, 209 S.E.2d 481, 487–88 (1974); Vogel v. Reed Supply Co., 277 N.C. 119, 129, 177 S.E.2d 273, 279 (1970). Environmental responds that under Johnson v. Bankers Life & Casualty Co., 973 F. Supp. 2d 950, 955–56 (W.D. Wis. 2013), Environmental was "privy to the alleged misrepresentations" of Admiral and thus has standing. [D.E. 15] 3. In Johnson, however, the court construed Seventh Circuit precedent, which contradicts North Carolina law. See Wilson v. Wilson, 121 N.C. App. 662, 665–67, 468 S.E.2d 495, 497–99 (1996).

A defendant cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on which to seek dismissal for lack of subject-matter jurisdiction. See Collier v. SP Plus Corp., 889 F.3d 894, 896 (7th Cir. 2018) (per curiam); Cumberland Cnty. v. Chemours Co., 608 F. Supp. 3d 294, 297 (E.D.N.C. 2022). Rather, Admiral bears the burden to show both a basis for diversity jurisdiction and that Environmental has Article

4

III standing. By arguing Environmental lacks Article III standing, Admiral has not carried its burden. See, e.g., Collier, 889 F.3d at 896; Chemours, 608 F. Supp. 3d at 297. Accordingly, the court lacks subject-matter jurisdiction to hear this case.

III.

In sum, the court REMANDS the case to Robeson County Superior Court due to a lack of subject-matter jurisdiction. The court DENIES as moot defendant's motion to dismiss for lack of subject-matter jurisdiction [D.E. 8, 13] and DECLINES to address defendant's motion to dismiss for failure to state a claim upon which relief can be granted. The Robeson County Superior Court can address that motion.

SO ORDERED. This 29 day of December, 2023.

                                                                JAMES C. DEVER III
                                                                United States District Judge